UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

May 8, 2023

LETTER TO ALL COUNSEL OF RECORD

Re: *Lisa S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-2289-BAH

Dear Counsel:

Before the Court is Plaintiff's motion seeking payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $12,935.35 and the filing fee of $402. ECF 21-4, at 3. The Commissioner opposes the request and argues that a more appropriate award would total $5,574.35. ECF 22, at 1. Plaintiff filed a reply seeking $13,316.50 in fees, which represents an increase in the original request for fees to account for additional time spent drafting the reply. ECF 23, at 9. For the reasons noted below, Plaintiff's Motion for Attorney's Fees will be GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded $7,241.89 in attorney's fees. Plaintiff will also be awarded the $402 filing fee in costs pursuant to 28 U.S.C. § 1920.

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the Court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the Court within thirty days of final judgment. *Crawford*, 935 F.2d at 656 (citing 28 U.S.C. § 2412)).

Once the District Court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, it must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Further, the District Court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

The Commissioner does not dispute that Plaintiff qualifies for attorney's fees under the EAJA. ECF 22, at 1. The Commissioner agrees with Plaintiff's proposed hourly rates of $238.22 per hour for attorney work. *Id*. The Commissioner contends, however, that Plaintiff seeks compensation for tasks that were "not reasonably expended and are not properly billable." *Id.* It bears noting that this was a case in which the Commissioner consented to remand after a review

*Lisa S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-2289-BAH
May 8, 2023 Letter Opinion
Page 2

of Plaintiff's opening brief. *See* ECF 19. The Commissioner contends that "the requested fee . . . significantly exceeds, and, in many instances, more than doubles or triples, this Court's most recent EAJA awards for cases presenting in a similar procedural posture." ECF 22, at 3. The Commissioner contends that the case "did not raise novel issues" and was litigated by "experienced Social Security practitioners who routinely litigate these actions." *Id.* at 4. The Commissioner concedes that the "record in this case was greater than average (3,197 pages)" this fact cannot justify such a large request for fees. *Id.*

As for the allegation that Plaintiff billed for purely clerical tasks, the Commissioner specifically challenges Plaintiff's billing for the drafting of a complaint (0.3 hours), for reviewing documents related to the consent to a magistrate judge (0.1 hours), the drafting of a motion to exceed a page limit (0.2 hours), the review of a paperless order granting the motion to remand (0.1 hours), and time spent "considering the Commissioner's Motion for Remand" (0.5 hours). *Id.* at 5–6. Plaintiff responds that the drafting of the complaint "is not boilerplate in nature . . . but instead lays out the relevant dates in the case and medical impairments at issue . . . , requiring careful consideration of the record." ECF 23, at 3 (citing "complaint filed September 9, 2022 on docket"). Plaintiff also alleges that the decision to consent to the jurisdiction of a magistrate judge involved "legal research," and that the remaining challenged tasks were not "clerical" in nature. *Id.* at 3–4. Plaintiff also notes that this matter was previously remanded and has been "pending for over a decade," thus making the decision to agree to remand a more difficult one. *Id.* at 4.

As a threshold matter, I agree that Plaintiff's requested award should be reduced to account for the time improperly billed for the drafting of the complaint. Plaintiff incorrectly filed the complaint on September 9, 2022, and promptly received a deficiency notice. As such, it would be improper to compensate counsel for an erroneous filing. On September 12, 2022, Plaintiff re-filed a complaint that matches this district's "form complaint," *see* ECF 3, and does not, as Plaintiff alleges, "lay[] out all the relevant dates in the case and medical impairments at issue in this case[.]" ECF 23, at 3. Plaintiff's counsel will not be compensated for these 0.3 hours of time. *See Melissa B. v. Kijakazi*, No. 22-661-BAH, 2023 WL 2307146, at *3 (D. Md. Feb. 28, 2023).

Nor should Plaintiff be compensated for 0.1 hours of time spent reviewing the issue of magistrate judge consent. Plaintiff secured the services of skilled local counsel, and thus did not need to "re-invent the wheel" when it came to researching this issue. *See Catisha W. v. Kijakazi*, No. 21-1567-BAH, 2022 WL 16839564, at *2 (D. Md. Nov. 9, 2022). Further, reviewing a paperless order granting a motion that was previously consented to is unquestionably "clerical work" of the kind that this Court has previously determined is not compensable and should not result in 0.1 hours of compensable time. *See Sykes v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-898, 2017 WL 1956852, at *2 (D. Md. May 10, 2017). A short motion to allow the opening brief to exceed the page limit is similarly clerical thus this 0.2 will be removed from the request. I also agree with the Commissioner that the consideration of a motion to remand in this specific case should take minutes, not a half hour, particularly when that relief was requested in Plaintiff's opening brief. I will therefore reduce the compensable time for this task from 0.5 hours to 0.1 hour. All totaled, I will reduce Plaintiff's request by 1.0 hour to account for clerical tasks that were improperly billed.

*Lisa S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-2289-BAH
May 8, 2023 Letter Opinion
Page 3

The Commissioner also challenges Plaintiff's bill as it relates to nearly thirty (30) pages of medical facts. ECF 22, at 6–7. The Commissioner correctly notes that billing for a recitation of medical record evidence is strongly disfavored in this district. *Id.* at 7 (citing *Timothy M. v. Comm'r of Soc. Sec.*, No. 8:19-cv-00084-DLB, at 2 (D. Md. Feb. 5, 2020), ECF 23. Plaintiff counters that preparation of the medical records was "necessary and appropriate for counsel to have a firm grasp of the facts of the case" and appears to argue that the inclusion of a lengthy summary of medical evidence was required under the relevant rules for litigating cases of this kind. ECF 23, at 4–5. I am inclined to reduce compensation for the compilation of medical records given that "[i]t is well known in this District that a 'detailed synopsis of the medical evidence of record . . . provides little assistance to the Court's adjudication.'" *Melissa B.*, 2023 WL 2307146, at *2 (citing *Baylis v. Colvin*, No. SAG-11-3674, 2014 WL 2738274, at *3 (D. Md. June 13, 2014)). However, a reduction is even more appropriate here since Plaintiff's prior case in this Court (No. 16-cv-02467-SAG) included an opening brief with a similar summary of medical facts that was organized in an almost identical manner to Plaintiff's opening brief here. *See* ECF 13-1 in Case No. 16-cv-2467-SAG.[1] As such, I do not find that Plaintiff should recover for writing this section from scratch when Plaintiff did not, in fact, start with a blank slate. Regardless, since I agree that this case presented a significant volume of record evidence, I will not reduce Plaintiff's request to the degree the Commissioner requests. I will instead reduce Plaintiff's request by fifteen (15) hours for the reasons noted above.

The Commissioner also seeks a reduction in Plaintiff's bill of 15.3 hours for the drafting, review, and editing of the "medical opinions/RFC" argument, which the Commissioner classifies as "routine." ECF 22, at 8. Plaintiff counters that the request is supported by awards in other cases in this district and also alleges that the "arguments at issue were not as 'routine' as alleged." ECF 23, at 5–6. Though Plaintiff is correct that the argument was more involved than the Commissioner acknowledges, I cannot agree that it is reasonable to seek nearly two full days of compensation for the drafting of one section of Plaintiff's brief. This is particularly true here where, as noted, Plaintiff recycles portions of an earlier-filed brief. *See supra* note 1. At minimum, Plaintiff has failed to explain what portion of the 15.30 hours were devoted to what specific tasks. *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) ("Litigants take their chances by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent."); *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000) ("A fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks."). For

---

[1] Similarly, one of Plaintiff's arguments mirrored the one filed in the earlier brief before this Court, including portions that were quoted verbatim. *Compare* ECF 13-1, at 19, in Case No. 16-2467-SAG*, with* ECF 16, at 31–32, in Case No. 22-2289-BAH. "Given the nature of SSA appeals, there is nothing improper about recycling suitable arguments from earlier filings." *Melissa B.*, 2023 WL 2307146, at *2 n.1. "However, Plaintiff must obviously discount the time spent drafting a brief for time saved through the efficient use of the copy and paste function." *Id.*

*Lisa S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-2289-BAH
May 8, 2023 Letter Opinion
Page 4

example, Plaintiff simply states that 15.3 hours were spent "starting" and "finishing" the "argument" in question. ECF 21-5, at 1. Since this billing entry does "not differentiate between the time allotted to the different tasks performed," I cannot "assess whether the time he allotted to 'legal research' comports with the amount of research used in the briefing." *Larry W. v. Soc. Sec. Admin.*, No. SAG-19-3089, 2021 WL 2685364, at *2 (D. Md. June 30, 2021). Moreover, Plaintiff did not need to file a reply brief, further limiting the need for research and writing. *See Renard P. v. Kijakazi*, No. 22-975-BAH, 2023 WL 2374975, at *3 (D. Md. Mar. 6, 2023). Accordingly, I will reduce the requested hours for these tasks by seven (7) hours.

Finally, the Commissioner challenges the claim that it took counsel 1.4 hours to draft and finalize the EAJA petition, asserting that 0.5 hours is more appropriate. ECF 22, at 8. Plaintiff argues that it is "impossible to understand how a legally defensible motion for EAJA fees could be prepared in 30 minutes." ECF 23, at 8. However, the Commissioner is correct that "[t]his Court has determined that '0.5 hours is a closer approximation of the non-clerical work that goes into tailoring an EAJA fee petition for each case.'" *Sykes*, 2017 WL 1956852, at *2 (citation omitted). I will reduce Plaintiff's request by 0.9 hours for this reason.

As is my general custom, I decline to compensate counsel for time spent litigating the fees in this case. Though the Court unquestionably is permitted to do so as it exercises its "substantial discretion [to] fix[] the amount of an EAJA award," I find such compensation unnecessary in this case to achieve a "reasonable" final award. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163). As such, I decline to award Plaintiff compensation for the additional 1.60 hours spent "reviewing Defendant's partial opposition to Plaintiff's motion for fees and preparing the . . . memorandum." ECF 23, at 9.

With the above-noted reductions of 23.9 attorney hours, Plaintiff's requested compensation is reduced by $5,693.46 (23.9 hours × $238.22). The result is a final award of $7,241.89 (30.4 hours x $238.22). Despite this reduction, counsel is advised that EAJA petitions of the reduced amount awarded still falls "significantly above the heartland of (and is sometimes more than double . . . the amount of) recent EAJA fee awards in cases presenting in a similar procedural posture." *Shecona W.*, 2023 WL 195471, at *3 (quoting *Duane H.*, 2022 WL 2532425, at *2) (awarding $4,941.85); *see also Catisha W.*, 2022 WL 16839564, at *3 (awarding $4,500.47 on November 9, 2022); *Duane H.*, 2022 WL 2532425, at *2 (awarding $4,836.00 on July 7, 2022); *Sheree Yvette T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-20-2374 (D. Md. June 6, 2022) (awarding $4,538.22); *Yuvetta P. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-368 (D. Md. May 16, 2022) (awarding $2,136.03); *Gregory J. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-236 (D. Md. May 18, 2022) (awarding $2,246.14); *Tracy B. v. Comm'r, Soc. Sec. Admin.*, No. BAH-22-183 (D. Md. June 1, 2022) (awarding $1,500.00); *Margaret C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-859 (D. Md. June 1, 2022) (awarding $4,700.00); *Taneicia L. v. Comm'r, Soc. Sec. Admin.*, No. BAH-21-2347 (D. Md. June 23, 2022) (awarding $4,093.70); *Wendy O. v. Comm'r, Soc. Sec. Admin.*, No. BAH-21-1614 (D. Md. June 23, 2022) (awarding $4,526.92); *Ashley F. v. Comm'r, Soc. Sec. Admin.*, No. BAH-21-872 (D. Md. June 27, 2022) (awarding $2,718.68); *Darrell L. v. Comm'r, Soc. Sec. Admin.*, No. BAH-21-744 (D. Md. June 27, 2022) (awarding $2,168.16); *Michael T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-21-2050 (D. Md. June 22, 2022) (awarding $4,325.65);

*Lisa S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-2289-BAH
May 8, 2023 Letter Opinion
Page 5

*Christy Y. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2330 (D. Md. June 23, 2022) (awarding $4,242.32); *Melissa Ann B. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-929 (D. Md. June 22, 2022) (awarding $4,460.20).  I will also award the payment of $402 to account for the filing fee in this case.

    A separate implementing Order follows.

                                              Sincerely,

                                              /s/

                                        Brendan A. Hurson
                                        United States Magistrate Judge